*Harriette LEUPPE*
Petitioner-Appellee
*vs.*
*Ambrose WALLACE*
Respondent-Appellant

In the Supreme Court of the Navajo Nation

No. SC-CV-21-01

January 10, 2003

Elsie Redbird, Esq., Albuquerque, New Mexico, for Appellant.

John A. Chapela, Window Rock, Navajo Nation (Arizona), for Appellee.

Before YAZZIE, Chief Justice, and KING-BEN and FERGUSON, Associate Justices.

Opinion delivered by KING-BEN, Associate Justice.

The sole issue before us is whether the District Court abused its discretion in holding that a biological parent's support obligations commenced prior to the entry of a Declaration of Paternity.

I

Appellee Leuppe filed a paternity action against Appellant Wallace, requesting child custody and support in district court on June 21, 2000. On August 2, 2000, Appellant admitted in his answer and counterclaim that he is the biological father of the child. The District Court entered a Declaration of Paternity on September 25, 2000.

The district Court ordered the parties to file a child support worksheet by February 9, 2001. On February 8, 2001, Wallace sent a copy of earnings information to Petitioner. Leuppe prepared a proposed Final Order and faxed it to Wallace on March 14, 2001.[1] In a letter dated March 21, 2001, Wallace sent

---

[1] *See* the coversheet of a facsimile transmission dated March 14, 2001.

a copy of his earnings information via fax to Leuppe.[2] A Notice of filing was finally filed with the Court on April 6, 2001. Leuppe's counsel states that he made corrections requested by opposing counsel and resubmitted the revised proposed Final Order on March 23, 2001. As of April 6, 2001, Respondent had not returned an approved copy of the revised Final Order.

On April 9, 2001, the district court attached a copy of the Monthly Child Support Obligation worksheet showing that Wallace owed $294.27 in child support each month and that the child support order commenced on August 1, 2001. The court also entered a judgment against Wallace in the amount of $1,042.96 for retroactive child support from the time the declaration of paternity was filed. Wallace filed a Notice of Appeal with the Supreme Court on May 8, 2001.

## II

Appellant Wallace contends that it would be an abuse of discretion to grant retroactive child support in a paternity action. This court has held that past support cannot be awarded in a paternity action for lack of fair notice. *See Descheenie v. Mariano*, 6 Nav. R. 26 (Nav. Sup. Ct. 1988). In *Descheenie*, the court acknowledged that it was aware that Mariano, the putative father, knew that the child was his child and that the mother wanted him to pay child support, but due process dictated that the father, Mariano, should not be ordered to make up for something which he had no legal duty to do originally. *Id.* at 29.

Likewise, in the case at hand, the Court finds a birth certificate signed and issued in 1991, indicating Ambrose Wallace as the father. Wallace admitted to be the father as early as 1991, nine years prior to filing of the paternity action. Wallace knew that the child for whom child support is requested is his child and he had provided financial support prior to the entry of the Declaration of Paternity but cannot be ordered to pay retroactive child support. This court has clearly stated that retroactive child support payments will not be awarded in a paternity action and we continue to hold so. *See Descheenie v. Mariano*, 6 Nav. R. 26, 30 (Nav. Sup. Ct. 1988). However, this court has not specifically stated when child support payments commence in a paternity action.

Therefore, we need to determine when child support payments commence in a paternity action. Does the support payment commence at the time the action is filed, when an absent parent admits paternity, or when a decree is entered? As stated previously, the court in *Descheenie* could not award back child support in a paternity case because of lack of fair notice. We hold in this case that a Respondent has fair notice of the potential to pay child support at the time the paternity action is filed against him. A Navajo District Court may

2 *See* Elsie Redbird's letter to Patricia Joe, the Deputy Court Clerk, dated March 21, 2001. Redbird states that she received a copy of the proposed order on March 14, 2001 and did not agree with some of the language in the Order as it included matters not discussed.

order that child support payments commence anytime after a paternity action is properly filed. In this respect, the District Court did not abuse its discretion in commencing child support on a date after the petition was filed.

Our decision is consistent with the best interests of the child as well as customary law of the Navajo people. We have held that the best interests of the child is always the paramount issue. *Barber v. Barber*, 5 Nav. 9, 12 (Nav. Ct. App. 1984). The family courts, sitting as courts of equity, enjoy wide discretion in balancing the rights and interests of the parents and determination of child support. *Joe v. Joe*, 1 Nav. R. 320 (Nav. Ct. App. 1978). The district court did so in the case at hand. We also recognize that under the customary law of the Navajo people, a father owes his child, or at least the mother, the duty of support. *See Alonzo v. Martine*, 7 Nav. R. 396 (Nav. Sup. Ct. 1991). This Court recognizes that the dominant principle in suits involving children is always the best interest of the child. *Barber v. Barber*, 5 Nav. R. 9, 12 (Nav. Sup. Ct. 1984). Our decision today adheres to that principle, as well as the Navajo tradition recognizing the father's absolute obligation to provide support for his children. *Notah v. Francis*, 5 Nav. R. 147, 148 (Nav. Sup. Ct. 1987).

In an attempt to defeat paying child support prior to the entry of a final decree, Wallace claims that the court abused its discretion in executing a "stipulated" judgment over the appellant's objection. A judge does not abuse his discretion simply because he signs a proposed order without making any changes to it. Rather, the standard is that the judge should read, reflect on, consider statements of fact and conclusions of law in a proposed order. We find no evidence that the judge in this case failed to do so. *See Mescal v. Mescal*, No. SC-CV-43-94, slip op. at 2 (Nav. Sup. Ct. May 28, 1996). We find that the commencement of child support on August 1, 2000, was in the child's best interests. Thus, we find no abuse of discretion. Accordingly, we AFFIRM the decision of the Window Rock Family Court.